## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1704 | **DATE** | 11/22/2011 |
| **CASE TITLE** | Wahl Clipper Corporation vs. Kim Laube & Company | | |

**DOCKET ENTRY TEXT**

"Defendants' Motion to Dismiss or Transfer" under 12(b) (2), (3) and (5) [21] is denied with respect to defendants' motion to dismiss Wahl Clipper's claims.  Defendants' Answer due on or before 12/20/2011.  On further review, however, the court grants Defendants' request to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).  Pursuant to that request, this case is transferred to be heard by the United States District Court for the Central District of California, Western Division (Los Angeles).

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

With regard to the sufficiency of the service of process, there is no question that since March 31, 2011, Mr. Kim Laube, the President, Chief Executive Officer, and sole shareholder of Kim Laube & Company, Inc.("Laube & Co."), who is experienced in litigation, has had in his possession an accurate copy of "the Complaint, Summons and Mediation Materials" relevant to this case. (Dkt. No. 28-2 ("Laube Aff.") ¶ 6.) Mr. Laube acknowledged his receipt of those materials under oath in his affidavit, as well as at his deposition. (*Id.*; *see also* Dkt. No. 74 ("Defs.' Resp.") at 3-4.)  A Return of Summons as to each defendant was filed on April 12, 2011 (Dkt. No. 11), after which Defendants' attorneys appeared before this court seeking an extension of time to answer or otherwise respond to Wahl Clipper's Complaint. (Dkt. No. 15.) In their "Agreed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint at Law," (*id.*), Defendants made no mention of any potential jurisdictional concerns.  Likewise, the appearances filed by Defendants' attorneys did not indicate that they were appearing for the limited purpose of contesting jurisdiction in this case. (Dkt. Nos. 12-14.)  This is not a case where a defendant was not apprised of the litigation against him or it.  Both Mr. Laube and his company are fully apprised of the pleadings in this litigation and have been for months.  Under these circumstances, and upon reconsideration of the court's August 12, 2011 order, the court finds that Defendants have waived their argument regarding insufficient service of process.

The court further finds that personal jurisdiction and venue are properly established through Laube & Co.'s general contacts with the State of Illinois, under the direction of Mr. Laube.  "Beyond simply operating a website that is accessible from the forum state, a defendant must in some way *target* the forum state's market."  *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) (emphasis in original).  In this case, it is undisputed that Laube & Co. "received approximately 2% of its U.S. sales revenue from Illinois in 2009 and 2010 and is expected to receive substantially less than that in 2011." (Dkt. No. 28 ("Defs.' Mem.") at 14.)  While Laube & Co.'s "prior relationship with an independent Illinois distributor ended no later than January

2011," (*id.*), the advertising at issue in this case was disseminated around that same time period—in February 2011. It therefore appears that during the relevant time period Laube & Co. maintained an intentional and deliberate sales presence in the State of Illinois, such that general jurisdiction over Laube & Co. is appropriate in this case. Moreover, because general jurisdiction over Laube & Co. exists in the Northern District of Illinois, venue is appropriately established in this court under 28 U.S.C. § 1391(b). Finally, Laube & Co.'s contacts with the State of Illinois are fairly imputed to Mr. Laube. In light of Mr. Laube's personal interests in engaging in the conduct alleged in this lawsuit, the court finds that Illinois' fiduciary shield doctrine is not applicable in this case. *See Carpenter v. Aspen Search Advisers, LLC*, 2011 WL 1297733, at *2 (N.D. Ill. Apr. 5, 2011) (citing *Femal v. Square D Co.*, 903 N.E.2d 32, 38 (Ill. App. Ct. 1st Dist. 2009)).

It appears on further review by the court that transfer under 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California, Western Division (Los Angeles), is warranted "[f]or the convenience of parties and witnesses, in the interest of justice." The plaintiff's preference of forum has minimal value where the bulk of the events pertaining to the dispute occurred in another venue. *Rugamboa v. Rungenga*, 2007 WL 317035, at *1 (N.D. Ill. Jan. 30, 2007). Moreover, the availability of evidence and the witnesses favor California, where Laube & Co. is headquartered, where all of its business records are kept, where Mr. Laube resides, and where the dissemination of false advertising allegedly occurred in February 2011. The inconvenience to Wahl Clipper is slight in light of the ongoing litigation between Defendants and Wahl Clipper already taking place in the Central District of California. To the extent the two cases have the potential to be consolidated as related to one another, judicial efficiency also favors a transfer to the Central District of California.

*James F. Holderman*

| | Courtroom Deputy | AMM |
|---|---|---|