## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1704 | **DATE** | 12/21/2011 |
| **CASE TITLE** | Wahl Clipper Corporation vs. Kim Laube & Company | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, plaintiff Wahl Clipper's "Motion for Reconsideration" [77] is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On November 22, 2011, this court granted defendant Kim Laube & Company, Inc. ("Laube & Co.") and defendant Kim Laube's ("Laube") (together "Defendants") request to transfer this case to the Central District of California, Western Division (Los Angeles), pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 76 ("11/22/2011 Order").) In so ruling, the court reasoned that (1) "the bulk of the events pertaining to the dispute" occurred in California, (2) "the availability of evidence and the witnesses favor California," (3) the inconvenience to plaintiff Wahl Clipper Corporation ("Wahl Clipper") would be "slight in light of the ongoing litigation between Defendants and Wahl Clipper already taking place in the Central District of California," and (4) judicial efficiency could potentially be maximized if the case was transferred to the Central District of California.

Concerned that this court was laboring under a "misapprehension" of the relevant facts, Wahl Clipper has asked the court to reconsider its ruling. (Dkt. No. 77 ("Mot. Reconsider").) The court addresses Wahl Clipper's concerns below.

It is undisputed that Defendants first distributed the allegedly defamatory materials at issue in this case on February 10-13, 2011, at the Groom and Kennel Expo trade show, which took place in Pasadena, California. (*See* Dkt. No. 19 ("First Am. Compl.") ¶¶ 31-35; Dkt. No. 23-3 ("5/31/2011 Laube Aff." (redacted version)) ¶ 19.) Wahl Clipper notes that Defendants have also distributed 6,500 copies of Laube & Co.'s pet product catalog (no. 3) "nationwide," including the allegedly defamatory materials, and contends that this "dissemination of the false advertising does not favor California over Illinois." (Mot. Reconsider ¶ 2.d. (citing Laube's Answers to Plaintiff's First Set of Interrogatories).) The court respectfully disagrees with Wahl Clipper's conclusion on this point. Laube has attested that the product catalog at issue was included in product shipments to independent distributors, brought to trade shows, and made available on Laube & Co.'s website. (Laube Aff. (redacted version)) ¶¶ 21-23.) Laube & Co. currently has 120 active independent distributors, of which twenty-three are located in California while none are located in Illinois.

**STATEMENT**

(*Id.* ¶ 16.a.) The last relationship Laube & Co. had with an Illinois independent distributor ended in January 2011. (*Id.* ¶ 17.a.) Moreover, among the "thousands of trade shows relating to the grooming industry," representatives from Laube & Co. only attended one show in Illinois in 2007, 2009, and 2010, respectively. (*Id.* ¶¶ 18, 20.) Even considering the presence of Laube & Co., along with the offending catalog, at an August 2011 trade show in Wheeling, Illinois, (*see* Dkt. No. 81 ("Reply") at 5), the court remains convinced that the bulk of the events pertaining to the dispute in this case occurred in California.

Wahl Clipper also argues that "the location of witnesses and evidence favors Wahl." (Mot. Reconsider ¶ 4.) In its November 22, 2011 ruling, the court noted that Laube & Co. is headquartered in California, that Laube resides in California, and that Laube & Co.'s business records are kept in California. (11/22/2011 Order at 2.) Accordingly, the majority of the evidence regarding Defendants' liability is likely to stem from witnesses and documents located in California. The fact that Laube "controls all aspects of [Laube & Co.], including total control over the creation and distribution of the Laube Ad at issue in this case," (Reply at 8), serves to bolster the court's conclusion. In support of its motion to reconsider, Wahl Clipper notes that its damages witnesses, including personnel from its research and development department, sales and marketing department, and accounting department, are all located in Illinois. While this new information is relevant, the court is ultimately not persuaded that the availability of evidence and witnesses favors Illinois.

Finally, Wahl Clipper notes that the case of *Kim Laube & Co., Inc. v. Wahl Clipper Corp.*, Case No. 2:09-CV-00914 (2009 C.D. Cal.) ("California Case"), has been stayed pending an ongoing patent reexamination. This is not new information, and does not affect the court's § 1404(a) analysis. The court will, however, take the opportunity to make clear that, in its November 22, 2011 ruling, the court did not take the position that consolidation of these two cases was either appropriate or likely upon transfer. Rather, the court noted only "[t]o the extent the two cases have the *potential* to be consolidated as related to one another, judicial efficiency also favors a transfer to the Central District of California." (11/22/2011 Order at 2 (emphasis added).) In any litigation or other adversarial proceeding, it is difficult to know when an adjudicating body may issue its findings. The fact that Wahl Clipper and Defendants have at various times argued for and against a stay of the California Case adds to this ambiguity. This court did not intend to suggest that this case should be transferred to the Central District of California only for purposes of joining the stayed patent case pending in that court. On the other hand, if the California Case were to spring into action once more *and if* presiding judge John A. Kronstadt were to find consolidation of the two cases appropriate—a question on which this court expresses no opinion—it is reasonable to expect that the federal courts as a whole would have an opportunity to achieve increased judicial efficiency. In light of Judge Kronstadt's November 7, 2011 order directing Wahl Clipper's counsel "to file a renewed motion to lift the stay," which is set for hearing on January 23, 2012, this court adheres to its conclusion that Wahl Clipper is involved in "ongoing" litigation in the Central District of California. (California Case, Dkt. No. 111.)

The court has considered Wahl Clipper's additional arguments and declines at this stage of the litigation to re-weigh the additional § 1404(a) factors relevant to the court's November 22, 2011 ruling. Wahl Clipper's motion for reconsideration, (Dkt. No. 77), is denied.

*James F. Holderman*